ESSEX COUNTY COURT OF COMMON PLEAS.

RALPH SANDERS, PETITIONER-APPELLANT, v. JARKA
CORPORATION, RESPONDENT-APPELLEE.

Decided October 16, 1947.

For the petitioner-appellant, *Harry Krieger.*

For the respondent-appellee, *Everitt Rhinehart.*

FLANNAGAN, C. P. J.  This is an appeal from a determination by the Workmen's Compensation Bureau dismissing the petition of the petitioner by which he sought compensation from the respondent, his employer, for an assault and battery by a third person, one known as "Willie." The respondent presented no witnesses, and at the close of the petitioner's case both sides rested on the issue of liability and submitted that issue to the court on the evidence then adduced. The court decided the case in favor of the respondent and dismissed the petition, from which determination the petitioner now appeals to this court.

Petitioner, in the performance of his duties as a truck driver for respondent, accidentally backed his truck into an army truck. Petitioner alighted from his truck and undertook, as was his duty, to obtain the license number of the driver of the army truck. The driver of the army truck was co-operative, and no difficulty occurred until a large man on the army truck, the man known as "Willie," whose status is unexplained and, as far as the testimony shows, was merely an intermeddler, undertook to ask petitioner why he was asking for the driver's license of the driver of the army truck

when he, the petitioner, was the one who had backed into the army truck. The petitioner replied that "it was orders."

Thus far the petitioner acted in the discharge of the duties of his employment, and it would have been well for him if he had stopped there.

If the episode had culminated then and there in an assault by "Willie" on the petitioner, then the petitioner's acts and words in the performance of his duties could have been said to have inspired the assault.

Instead of stopping then and there, petitioner obtained, or there was handed to him, a stick, and he entered upon a contest with "Willie" in the exchange of abusive language, each trying to excel the other in the intensity of the sting of his insults and abuse. By no stretch of the imagination could the acts of the petitioner in this connection have been intended by the petitioner to inure to the benefit of his employer or to further the accomplishment of the employer's instant business, to wit, the securing the army truck driver's license or permit number.

The permit number seems never to have been secured, but its pursuit with the army truck driver put aside or forgotten by petitioner in the intensity of the verbal exchange with "Willie" until the purpose of securing it was finally abandoned at the direction of Rice, a fellow employee of the petitioner working with him on the truck, who told the petitioner to get into the truck and to "forget it."

Petitioner yielded to this suggestion or direction and got into his truck, and the assault upon him by "Willie" immediately followed. This perhaps demonstrated petitioner's victory or superiority in the tongue lashing art, as it was "Willie" who bolted the arena of verbal conflict and entered upon that of physical violence, thus indicating a lack of satisfaction with his success in the former field.

The exact words used in the verbal duel do not appear. Rice testified that they were "calling one another name for name * * * they were throwing pretty rough language, they were cussing out one another with names." But the grossness and vulgarity of the exchange is indicated by the fact that when petitioner was asked on cross-examination if

he would deny that he called "Willie" a "big fat-bellied son of a bitch," he answered, "Not necessarily. I might have called him that."

It was obviously the act of petitioner in the gratification of his own spleen which motivated retaliation by "Willie" in the form of a physical assault. This arose out of the tongue lashing contest, not out of petitioner's employment.

The exchange of words which started with the request for information degenerated into a mere personal contest in the exchange of individual insults and abuse. It was the sharpness of petitioner's tongue which produced the sting responded to by "Willie" with the retaliating physical assault.

It surely cannot be that a truck driver, meeting with an accident, can, after asking the opposite driver for his license, at the risk of his employer, yield to the impulses of a poor temper and enter upon an *ad libitum* indulgence in insult and abuse entirely beyond the purposes of the mission on which he is sent. The fact that these childish exchanges are unfortunately all too prevalent on our highways is not enough to constitute the employer an underwriter against the consequences.

The case does not fall within the holding of *Geltman* v. *Reliable Linen Supply Co.*, 128 *N. J. L.* 443; 25 *Atl. Rep.* (2d) 894. This is made clear by Mr. Justice Heher in writing the opinion of the court when he says: "Here * * * the employee was forced by the operator of the other vehicle 'to drive to the side of the road and stop,' and was immediately thereafter assaulted *in resentment of the manner in which he had driven his automobile in fulfillment of the master's service;* and so his death was the consequence of * * * a risk connected with what he was *obliged to do* in the performace of his work." 128 *N. J. L.* (at *p.* 448); 25 *Atl. Rep.* (2d) (at *p.* 897). (Italics supplied.)

Neither is the English case of *Trim Joint District School* v. *Kelly* [1914], *A. C.* 667, cited in the Geltman case, in point. There the pupils of an assistant schoolmaster entered into a conspiracy to assault him in "retaliation for unwelcome discipline" in the performance of the duties of his employment.

The assault on petitioner by "Willie," motivated by and in retaliation for insults by petitioner in a tongue lashing contest, pursued as an outlet for the gratification of the ill temper of the participants and not in the performance of the duties of the petitioner's employment, did not arise out of the petitioner's employment and the employer is not responsible for the injuries resulting from such assault.

The petition is dismissed.